IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**T-MOBILE US, INC. and**<br>**T-MOBILE USA, INC.,**<br><br>   **Defendants.** | Civil Action No. 2:16-cv-715<br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF READINESS FOR SCHEDULING CONFERENCE

Pursuant to the Court's Standing Order Regarding Readiness for Scheduling Conference, Plaintiff Huawei Technologies Co. Ltd ("Huawei") hereby notifies the Court that T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively "T-Mobile") has filed a motion to dismiss (Dkt. No. 12) and the above-captioned case is ready for a scheduling conference and, if helpful to the Court, a hearing on T-Mobile's motion.

**Related Cases**

This is a civil action involving a contract dispute over patent licensing, and it is related to the following patent cases between the same parties that are also pending before this Court:

- Case No. 2:16-cv-52
- Case No. 2:16-cv-55
- Case No. 2:16-cv-56
- Case No. 2:16-cv-57

To provide some context for the Court, both the patent actions and the present contract dispute stem from Huawei and T-Mobile's licensing negotiations regarding Huawei's LTE-essential technology that took place over the last two years. During those negotiations, Huawei

1

made a FRAND offer to T-Mobile for a license to Huawei's LTE-essential patents. But T-Mobile refused the offer and, in response, accused Huawei of violating its FRAND obligation for the LTE-essential patents in making the offer at all. As a result, Huawei had no choice but to (1) file the present action to seek a declaration that it has complied with its FRAND obligation in offering to license its portfolio of LTE-essential patents to T-Mobile, and (2) file the patent actions to seek damages for T-Mobile's willful infringement of certain Huawei patents that are within its LTE portfolio.

Huawei, therefore, requests for this case to be aligned with the case schedule of the four related patent actions at least because there is a high likelihood of substantial overlap in discovery between these related cases as to historical licensing negotiations between the parties. Trial in the patent cases is not until October 2017, over thirteen months from now. And, unlike a complex set of patent actions, this is a relatively straightforward civil dispute that will not require prior art searching or claim construction. Discovery in the patent cases just began a month ago and aligning the related case schedules at this point makes practical sense.

**Pending Motions**

The only pending motion is T-Mobile's Motion to Dismiss filed on July 27, 2016 (Dkt. No. 12), which Huawei responded to on August 15.

Dated:  August 25, 2016	Respectfully submitted,

By: */s/ Thomas H. Reger II*
Ruffin Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda Kordziel
DC Bar No. 446386
kordziel@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard E. Davis
Texas Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C**.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 25, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Thomas H. Reger II*
Thomas H. Reger II
