# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and FUTUREWEI TECHNOLOGIES, INC.,<br><br>Defendants. | C.A. No. 1:13-cv-00008-RGA<br><br>**JURY TRIAL DEMANDED** |
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs<br><br>v.<br><br>ZTE CORPORATION, and ZTE (USA) INC.,<br><br>Defendants. | C.A. No. 1:13-cv-00009-RGA<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF PROFESSOR LAURENT AYNES**

grant licenses: the declaration of will is not addressed to the licensees themselves (which is perfectly understandable through the mechanism of *stipulation pour autrui* discussed below).

As to the content of the Clause 6.1 FRAND undertaking, it is untrue to say that the content is not determined at the time the Clause 6.1 FRAND undertaking is made. To the contrary, all the main elements are determined (object, duration, usage…), and the rent (i.e., the royalty) is determinable through the notion of fair, reasonable, and non-discriminatory license terms. In addition, it must be recalled that according to Article 1108 of the French Civil Code, only four elements are necessary for a contract to be concluded:

- the consent of the debtor;
- his capacity;
- an object which is the subject matter of the contract;
- a licit *"cause"* (more or less : a consideration) to the obligation.

19. After reviewing the relevant ETSI documents, it is my opinion that a FRAND licensing commitment given by a patent owner under Clause 6.1 of the ETSI IPR Policy does not constitute an *accord de principe* under French contract law but instead constitutes a *stipulation pour autrui*, which is a stipulation for the benefit of a third party.

20. Article 1121 of the French Civil Code includes a specific provision authorizing the stipulation in favour of a third party. It is formed via an exchange of consent between two parties, the stipulator (B) and the promisor (A). Under such a stipulation, promisor (A) commits to stipulator (B) to grant a right to one or more beneficiaries (C, D, and E). The acceptance of the beneficiary is not required to form the contract but the stipulator

(B) may not revoke the stipulation once the beneficiary (C, D, and E) has accepted it. Moreover, the promisor (A) is bound to the third party beneficiary (C, D, and E) once it has exchanged consent with the stipulator (B). The promisor (A) may never withdraw its commitment. Only the stipulator (B) may revoke the commitment to the beneficiary, so long as the latter has not accepted it.

21. In the case of a Clause 6.1 undertaking under the ETSI IPR Policy, the patent owner is the promisor (A), ETSI is the stipulator (B), and implementers of the standard are the beneficiaries (C, D, and E) of the patent owner's (A) promise.

22. Under French law, a beneficiary (C, D, or E) of a *stipulation pour autrui* is entitled to enforce the promisor's (A's) promise and obtain the benefit that the promisor promised to deliver to the beneficiary provided that the beneficiary also complies with any corresponding obligations that the beneficiary might have. In this case, those obligations would include the obligation to agree to license terms that are fair, reasonable, and non-discriminatory terms. As a result, Defendants' counterclaims represent valid contractual claims under French contract law.

23. With regard to the elements of a breach of contract action under French law, those elements are the same as the elements for a breach of contract action under Delaware law, namely (1) the existence of a contract, whether express or implied, (2) the breach of an obligation imposed by that contract, and (3) resulting damages to the claimant.

I declare that the forgoing is true and correct.

Executed: Paris, 25 April 2013

Laurent Aynes