# Exhibit 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 14-00341-JVS (ANx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | TCL Communication Technology Holdings, Ltd. et al. v. Telefonaktiebolaget LM Ericsson et al. | | |

---

Present: The Honorable   Douglas F. McCormick

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**    (In Chambers) Order re: TCL's Motion to Compel Ericsson to Supplement Its Answers to Interrogatory Nos. 5 & 6 (Dkt. 80)

This motion involves the scope of discovery in this patent licensing dispute.

Plaintiff TCL Communication Technology Holdings, Ltd. ("TCL") moves for an order compelling Defendants Telefonaktienbolaget LM Ericsson and Ericsson, Inc. (together, "Ericsson") to supplement its answers to TCL's Interrogatory Nos. 5 and 6.

TCL's claims against Ericsson involve the latter's standard essential patents ("SEPs") covering the global 2G, 3G, and 4G telecommunications standards established by the European Telecommunications Standards Institute ("ETSI"). Like other such organizations, ETSI requires, in exchange for including technology in the standard, that patent holders such as Ericsson agree to grant licenses to implementers on so-called FRAND (fair, reasonable, and non-discriminatory) terms. TCL alleges that Ericsson failed to offer TCL a license to its SEP portfolio on FRAND terms and thereby breached its contract with ETSI to which TCL is a third-party beneficiary. Ericsson contends that TCL is an unwilling licensee who has breached its duty to negotiate a FRAND license in good faith.

The relevant TCL interrogatories are as follows:

Interrogatory No. 5

Identify each and every patent to which you have an interest and that you consider to be a standards essential patent for [the 2G, 3G, and 4G telecommunications standards established by ETSI].

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 14-00341-JVS (ANx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | TCL Communication Technology Holdings, Ltd. et al. v. Telefonaktiebolaget LM Ericsson et al. | | |

From this general discussion, the Court turns to the specific interrogatories at issue here.

The first (Interrogatory No. 5) involves identifying which patents in Ericsson's list of 11,000 declared patents are in fact essential to the 2G, 3G, and 4G telecommunications standards. Judge Robart's decision in <u>Microsoft</u> provides helpful although somewhat conflicting guidance on this issue. On the one hand, Judge Robart did not analyze whether the allegedly standard essential patents were in fact essential to the standard. Instead, where the essentiality of a patent was doubtful or questionable, the court concluded that "the implementer in a hypothetical negotiation would view [the allegedly standard-essential] patents with skepticism." <u>Microsoft</u>, 2013 WL 2111217, at *53. The court then concluded that in a hypothetical negotiation the parties would sit down at the bargaining table and examine the underlying patents for their importance to the standard, and would conclude that their value would be diminished by the lack of better evidence regarding their true relevance. <u>Id.</u> On the other hand, Judge Robart noted that the essentiality of a patent may bear on the patent's value to the implementer, a point raised by TCL. "Importantly, however, because an "essential" patent is one that is necessary to implement either an optional or mandatory provision of a standard, a specific SEP may contribute greatly to an optional portion of a given standard, but if that portion is not used by the implementer, the specific SEP may have little value to the implementer." <u>Id.</u> at 20.

The second interrogatory (Interrogatory No. 6) involves identifying how Ericsson's SEPs are incorporated by the standard. The guidance provided by <u>Microsoft</u> suggests that these issues may well be critical, as Judge Robart indicated that he "would . . . consider the contribution of the patent to the technical capabilities of the standard and also the contribution of those relevant technological capabilities to the implementer and the implementer's products." <u>Id.</u> at *18. Likewise, "evidence of the benefit and value of the patent to the owner and implementer is relevant to the contribution of the patent to the certain capabilities of the standard, as well as the contribution of the standard's capabilities to the implementer." <u>Id.</u> at *19.

Therefore, the information sought by TCL appears to be relevant to the subject matter involved in this FRAND dispute. <u>See</u> Fed. R. Civ. P. 26(b)(1) (providing that, "for good cause," the court may permit discovery of information "relevant to the subject matter involved in the action").

Ericsson argues that answering TCL's interrogatories would be unduly burdensome, citing estimates that Ericsson would have to incur expert costs of nearly $3,000,000 to respond to TCL's requests. Ericsson maintains that TCL should perform this analysis if it wants the information. The Court rejects this argument for two reasons. First, the Court is not persuaded that expenses of this magnitude are "undue" in a case of this size, where tens of millions of dollars in annual licensing rights are at stake. Second, TCL is entitled to know Ericsson's position about what patents it

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 14-00341-JVS (ANx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | TCL Communication Technology Holdings, Ltd. et al. v. Telefonaktiebolaget LM Ericsson et al. | | |

<mark>considers essential and what components those patents cover; these are relatively straightforward contention interrogatories that Ericsson should be compelled to answer.</mark>

Nor is the Court persuaded by Ericsson's contention that compelling answers to TCL's interrogatories would embolden other licensees in the marketplace, because TCL is not paying "one dime" in royalties during this litigation but instead forcing the rights holder to incur huge expenses. The other side of that coin is straightforward: if Ericsson prevails in this litigation, any such emboldened licensees will be chastened by Ericsson's success and, if anything, Ericsson's bargaining position vis-à-vis those licensees will be improved.

Ericsson's strongest argument is that a determination of essentiality and an analysis of what components are involved would not be part of a hypothetical bilateral negotiation. As the Court noted above, a hypothetical bilateral negotiation would include some built-in skepticism that some of the patents in the portfolio may not be essential. Moreover, Ericsson is at least partially correct when it argues that assessments of the value of its portfolio will be done in the aggregate, not on a patent-by-patent basis. In the end, however, the Court's view is that TCL is entitled to know what Ericsson's contentions are about its SEP portfolio.

As the Court indicated at oral argument, the real issue here is the size of Ericsson's portfolio. The resolution of this discovery dispute depends considerably on how the Court decides to handle the trial. It is seemingly not possible for the District Judge here to engage in the kind of granular patent-by-patent analysis conducted by Judge Robart in Microsoft. Whether conducted in phases or otherwise limited in some way, the parties and the District Judge will have to find a way to manage the litigation. This Court's role as the assigned Magistrate Judge is to facilitate the discovery phase of that process, and the Court will monitor the parties' hearings and filings before the District Judge as the case moves forward.

///
///
///
///
///
///
///
///
///
///
///
///
///