# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE US, INC. AND T-MOBILE USA, INC., <br><br> Defendants. | Civil Action No. 2:16-cv-00715-JRG-RSP <br><br> Jury Trial Demanded |

### DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S RESPONSE TO HUAWEI'S NOTICE OF SUPPLEMENTAL AUTHORITY FOR ITS OPPOSITION TO T-MOBILE'S MOTION TO DISMISS

The Federal Circuit's decision in *Asia Vital Components v. Asetek Danmark*, No. 2015-1597 (Fed. Cir. Sept. 8, 2016) (Dkt. 22-1), which Huawei submitted as supplemental authority, lends no credence to the justiciability of Huawei's declaratory judgment claim in this action.

*First*, despite arguing in its opposition brief that "this is not an action for patent infringement or for patent damages . . . it is a contract case" (Dkt. 17 at 1), Huawei turns again to a patent case for authority, further demonstrating its inability to identify any analogous declaratory judgment case premised on a breach of contract theory.

*Second*, the facts of *Asia Vital* differ significantly from those Huawei has alleged here. In *Asia Vital,* the Federal Circuit focused on, *inter alia*, the following as demonstrating that "an actual controversy existed" and that it was "real and immediate," Slip Op. at 6, 9:

- "Although the [patentee's] letter incorrectly accused AVC of manufacturing the Liqmax 120s, it was still a demand letter that referenced a product that AVC contends is similar to its own K7 and K9 products." *Id*.

ActiveUS 157856284v.1

- When apprised of its mistake in identifying AVC's products, the patentee did not "simply respond[] that it had made a mistake" but sent an email that "contained a number of statements that indicate that an actual controversy between the parties existed," including "accus[ing] AVC of 'likely selling other infringing products in the United States.'" *Id*. at 6-7.

- "AVC alleges that [the patentee] made threats to its customers regarding AVC's infringement of the asserted patents," including that "if these customers use AVC's products, then lawsuit[s] will follow." *Id*. at 7.

- AVC had "manufactured sample prototypes of the K7 and K9" products to sell in the United States but had "'withheld accepting purchase order[s]'" because of the "concerns of its customers." *Id*. at 9.

In Huawei's complaint, by contrast, Huawei fails to point to any T-Mobile statement about pursuing a contract action on Huawei's patent portfolio, much less a statement that rises to the level of a "demand letter" or parallels alleging infringement. Nor did Huawei identify any statements by T-Mobile in any way resembling threats to customers. Further, unlike AVC foregoing accepting purchase orders, Huawei did not identify any action it has foregone because of legal uncertainty that could be resolved through this litigation. To the contrary, Huawei has already sued T-Mobile four times alleging patent infringement, attempting to put at issue T-Mobile's purported "unwillingness," and seeking injunctions.

Thus, the *Asia Vital* decision offers no support for the justiciability of Huawei's declaratory judgment claim.

September 19, 2016

*/s/ Mark D. Selwyn*
*(by Michael E. Jones, with permission)*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

ActiveUS 157856284v.1

Mark D. Selwyn
(California Bar No. 244180)
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000

Joseph J. Mueller
(Massachusetts Bar No. 647567)
Cynthia Vreeland
(Texas Bar No. 20625150
Massachusetts Bar No. 635143)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via electronic mail on September 19, 2016 to all counsel of record for Plaintiff who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*
Michael E. Jones

- 3 -