IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**T-MOBILE USA, INC. and**<br>**T-MOBILE US, INC.,**<br><br>      **Defendants.** | Civil Action No. 2:16-cv-00715-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**HUAWEI'S NOTICE OF SUPPLEMENTAL EVENTS REGARDING T-MOBILE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

To further the Court's hearing of T-Mobile's Motion to Dismiss and Huawei's Motion for Special FRAND-Related Case Management Conference, Huawei files this notice to apprise the Court of events in related cases that occurred after the briefing was complete in this case. In its briefing attempting to dismiss Huawei's Complaint for Declaratory Judgment of Compliance with Standard Essential Patent FRAND Obligations in this case, T-Mobile argued:

> Huawei now claims that T-Mobile has made "repeated allegations threatening future lawsuits," but in support of that characterization Huawei is only able to point to general statements by T-Mobile expressing dissatisfaction with Huawei's negotiation conduct… Neither of these [FRAND violation] allegations even mentions litigation, let alone suggests that T-Mobile has actually threatened to bring a portfolio FRAND breach of contract action against Huawei.

Dkt. No. 19 at 5. In response, Huawei noted "A real and substantial controversy exists. Notably, T-Mobile does not assert that it lacks standing to sue Huawei for alleged breach of contract; T-Mobile could file such a suit tomorrow if it chose. Similarly, T-Mobile does not represent that it

will decline to assert contract-based defenses in the related patent infringement actions before this Court." Dkt. No. 21 at 2.

After the briefing on the motions was complete, T-Mobile alleged the following "FRAND breach of contract" in its Answer and in its Counterclaims in all four related patent infringement actions:

### NINTH AFFIRMATIVE DEFENSE
### (Non-Compliance with Licensing Obligation)

Huawei's claims for relief are barred, in whole or in part, by its failure to comply with its obligation to offer to license the Huawei Asserted Patents on FRAND terms, including its refusal to offer licensing terms for each of the Asserted Patents.

\* \* \*

### [COUNTERCLAIMS] NATURE OF THE ACTION

1. These Counterclaims arise from Huawei's baseless allegation of infringement of the Huawei Asserted Patents and its assertion of those patents—including by improperly seeking an injunction against T-Mobile—in violation of its binding contractual obligations to the European Telecommunications Standards Institute ("ETSI") to license them on fair, reasonable, and non-discriminatory ("FRAND") terms.

Civ. No. 2:16-cv-0052 at Dkt. No. 106, pgs. 14, 16; *see also* Civ. No. 2:16-cv-0055 at Dkt. No. 107; Civ. No. 2:16-cv-0056 at Dkt. No. 108; Civ. No. 2:16-cv-0057 at Dkt. No. 106.

Dated:  January 31, 2017

Respectfully submitted,

By: */s/ Thomas H. Reger II*
Ruffin Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda Kordziel
DC Bar No. 446386
kordziel@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard E. Davis
Texas Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C**.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served on January 31, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                        */s/ Thomas H. Reger II*
                                                        Thomas H. Reger II