IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, § | |
| § | |
| v. § | Case No. 2:16-CV-00715-JRG-RSP |
| § | |
| T-MOBILE US, INC., T-MOBILE USA, § | |
| INC., § | |

**REPORT AND RECOMMENDATION**

This is a declaratory judgment action related to a number of other patent infringement actions filed by Huawei against T-Mobile. Huawei's complaint in this case seeks a declaration that Huawei has complied with its FRAND obligations during ongoing attempts to license certain allegedly LTE standard-essential patents to T-Mobile. *See* Dkt. No 1 (Complaint). T-Mobile moves to dismiss the declaratory judgment action, contending that the Court lacks subject-matter jurisdiction. *See* Dkt. No. 12. The Court recommends that T-Mobile's motion be denied for the following reasons.

**DISCUSSION**

Federal question jurisdiction exists over a declaratory judgment action where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Huawei's declaratory judgment action satisfies this test. The complaint alleges that T-Mobile has characterized Huawei's past FRAND offers as "fundamentally inconsistent with Huawei's FRAND obligations," and that Huawei "violate[d] the commitment it made that it would be prepared to license its patents on FRAND terms and conditions." Dkt. No. 1 ¶¶ 51-52.

1

These statements by T-Mobile are consistent with the position that Huawei has breached its FRAND obligations, and Huawei's declaratory judgment action was prompted by T-Mobile's position.

While T-Mobile has not taken the step to file a breach of contract action against Huawei, there is no dispute that T-Mobile could do so as a third-party beneficiary of Huawei's promise to offer licenses on FRAND terms. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 6000017, at *1 (W.D. Wash. Nov. 12, 2013); *Apple Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1085 (W.D. Wis. 2012); *Ericsson Inc. v. Samsung Elecs. Co.*, No. 2:06-CV-63, 2007 WL 1202728, at *3 (E.D. Tex. April 20, 2007). When pressed on this issue at the hearing, T-Mobile did not unambiguously state that it would *not* file a breach of contract action elsewhere if the Court were to dismiss Huawei's declaratory judgement action. Thus, the controversy is live and immediate.

T-Mobile's express statements regarding Huawei's alleged breach of FRAND obligations—statements that form the basis for Huawei's declaratory judgment action—are analogous to the type of conduct required for subject-matter jurisdiction over a patent action seeking a declaration of noninfringement. In those cases, the Federal Circuit requires "conduct that can be reasonably inferred as demonstrating intent to enforce a patent." *Asia Vital Components Co. v. Asetek Danmark A/S*, 837 F.3d 1249, 1253 (Fed. Cir. 2016) (quoting *Hewlett–Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009)). T-Mobile's statements regarding Huawei's breach of FRAND commitments, coupled with the absence of an unequivocal statement indicating that T-Mobile would not pursue a breach of contract action, reasonably demonstrate T-Mobile's intent to pursue such an action.

Finally, the Court should decline to dismiss Huawei's declaratory judgment action on discretionary grounds because of the usefulness of the declaratory judgment remedy sought by Huawei and its fitness for resolution by the Court. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). Accordingly, the Court may properly exercise jurisdiction over Huawei's declaratory judgment action.

## CONCLUSION

Because a sufficient controversy exists over Huawei's efforts to license patents to T-Mobile on FRAND terms, T-Mobile's motion to dismiss for lack of subject-matter jurisdiction (**Dkt. No. 12**) should be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 21st day of February, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE