IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, § § *Plaintiff*, § § v. § § T-MOBILE US, INC., T-MOBILE USA, § INC., § § *Defendants*. § § | Case No. 2:16-CV-00715-JRG-RSP |

## ORDER

Before the Court is T-Mobile's motion for reconsideration (Dkt. No. 38) of the Report and Recommendation (Dkt. No. 35) filed on February 22, 2017, recommending that T-Mobile's motion to dismiss for lack of subject-matter jurisdiction be denied. T-Mobile contends that subsequent to the Report and Recommendation, T-Mobile sent Huawei a letter stating that T-Mobile "will not file litigation pursuing a portfolio-wide breach of contract claim alleging" that Huawei has breached its FRAND obligation. *See* Dkt. No. 38 at 2. This letter, according to T-Mobile, moots any live case or controversy concerning Huawei's compliance with FRAND obligations.

The Court is not persuaded that T-Mobile's letter eliminates subject-matter jurisdiction given the circumstances surrounding parties' dispute. Based solely on allegations in Huawei's Complaint, the Report and Recommendation concluded that a live case or controversy existed because T-Mobile has stated that Huawei's license offers were inconsistent with Huawei's FRAND obligations. *See* Dkt. No. 35. In standard essential patent cases such as this, the party accused of infringement will frequently file suit in another forum alleging breach of the patentee's

1

FRAND obligations, requiring one court to resolve the patent infringement dispute and another court to resolve the contract dispute. It is this typical but inefficient result that the Court seeks to prevent. T-Mobile's letter appears to be a carefully-worded attempt to eliminate subject-matter jurisdiction, but it is far from an unequivocal covenant not to sue, which would presumably prompt Huawei to dismiss its declaratory judgment claim.

The Court is nevertheless convinced that Huawei's declaratory judgment claim should be stayed pending resolution of the patent infringement disputes. While T-Mobile's representations are insufficient to eliminate subject-matter jurisdiction concerning Huawei's compliance with FRAND obligations, the primary dispute is whether Huawei's patents are essential to the LTE standard and whether those patents are infringed. There is little point in allowing the dispute concerning Huawei's FRAND obligations to proceed until the primary patent infringement disputes are resolved.

Accordingly, IT IS ORDERED that Case No. 2:16-cv-00715 be STAYED pending resolution of the related patent infringement disputes. When those disputes resolve, the Court will address any remaining controversy concerning Huawei's compliance with FRAND obligations.

The Motion for Reconsideration is DENIED.

**SIGNED this 12th day of March, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE